

## NUMBER 13-09-00534-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**RICHARD P. HILL,**                                                                          **Appellant,**

**v.**

**TERRI LYNN HILL,**                                                                          **Appellee.**

### On appeal from the 389th District Court of
### Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Garza
Memorandum Opinion by Justice Yañez**

By a single issue, appellant, Richard P. Hill, complains that the trial court's "Order in Suit to Modify Parent-Child Relationship" (the "Modification Order") failed to strictly conform to the Rule 11 "Memorandum of Agreement" which settled the dispute between the parties. We affirm.

## I.  Background

Appellant and appellee, Terri Lynn Hill, were divorced in 2002.  In 2007, appellant filed a "Motion to Modify Support."  Appellee answered and filed a "Cross-Motion to Modify Parent-Child Relationship."  In June 2008, the parties mediated the issues, settled their dispute, and executed a "Memorandum of Agreement" setting forth the terms of the settlement.

In November 2008, appellant submitted a "Motion for Entry of Modification Order," with a proposed "Modification Order."  Appellee also filed a "Motion to Sign Order in Suit to  Modify Parent-Child Relationship," with a proposed order attached.  On August 24, 2009, the trial court signed the "Modification Order."

## II.  Discussion

Appellant complains that the original divorce decree contained a provision restricting the establishment of the children's residence to Hidalgo County or an adjacent county, but the "Modification Order" contains no such restriction.  Specifically, appellant complains that the "Modification Order":  (1) finds appellee is the "parent who has the primary physical possession of the children," but does not limit appellee's possession  geographically; and (2) states appellee "has the exclusive right to determine the primary residence of the children," but does not contain any geographical restriction.

Appellee responds that the geographical restriction for the children's primary residence was not discussed at mediation and the "Memorandum of Agreement" did not include any modification or removal of the geographical restriction.  Appellee argues that the geographical restriction remains in full force and effect because:  (1) it was not an issue at mediation; (2) it was not included in the "Modification Order"; and (3) the "Modification

2

Order" specifically provides that "[a]ll other terms of the prior orders not specifically modified in this order shall remain in full force and effect."

In support of his argument, appellant cites this Court's opinion in *Sanchez v. Sanchez* for the general proposition that "[a] final judgment rendered upon a settlement agreement must be in strict and literal compliance with the agreement."[1] In *Sanchez*, this Court found that the judgment was not "in strict or literal compliance" with the terms of the parties' settlement agreement because it "did not include all that the parties had agreed to," "improperly removed or modified material terms" of the agreement, and thereby "undermined the intent of the parties."[2]

We find appellant's reliance on *Sanchez* to be misplaced. In the present case, there is no indication that the "Modification Order" failed to include all that the parties agreed to, improperly modified material terms, or undermined the intent of the parties. The "Memorandum of Agreement" reflects that the parties modified their decree in three areas: (1) child support; (2) visitation; and (3) psychological care. Because the "Memorandum of Agreement" does not mention the geographical restriction on the establishment of the children's residence, it is a term "not specifically modified" in the "Modification Order" and, therefore, the geographical restriction "remain[s] in full force and effect."[3]

---

[1] *Sanchez v. Sanchez*, No. 13-07-207-CV, 2008 Tex. App. LEXIS 6867, at **2-3 (Tex. App.–Corpus Christi Aug. 28, 2008, no pet.) (mem. op.).

[2] *Id.* at **8-9.

[3] We also note that at a show cause hearing on August 24, 2009, appellee's counsel advised the trial court that the geographical restriction "wasn't something we mediated," "wasn't something we changed," and that "[t]he order is very clear on the second to the last page that if you didn't change it, the divorce decree remains in effect." In response to the trial court's question, appellant's counsel conceded that the geographical restriction was not discussed at the mediation.

### III.  Conclusion

We hold that the trial court did not err when it signed the "Modification Order."  We overrule appellant's sole issue and affirm the trial court's judgment.

LINDA REYNA YAÑEZ,
Justice

Delivered and filed the
19th day of August, 2010.

4